O

# United States District Court
# Central District of California

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC., <br><br> Petitioner, <br><br> v. <br><br> DONALD STENNETT, <br><br> Respondent. | Case № 2:20-CV-07488-ODW (PLAx) <br><br> **ORDER GRANTING CONSENT PETITION TO CONFIRM ARBITRATION AWARD [1]** |

## I.   INTRODUCTION & BACKGROUND

On February 25, 2020, Judicial Arbitration and Mediation Services, Inc. ("JAMS"), Hon. Steven J. Stone, (Ret.), issued a Findings of Fact, Conclusions of Law, and Award ("Final Arbitration Award") in the Arbitration of Donald Stennett's claims against his former employer, Halliburton Energy Services, Inc. (Consent Pet. ¶ 14, Ex. B, ECF No. 1.)  In the Final Arbitration Award, the arbitrator concluded that Stennett had validly released all claims asserted against Halliburton and found in favor of Halliburton on all of Stennett's claims.  (*Id.* ¶ 15, Ex. B.)  By stipulation dated July 21, 2020, Stennett and Halliburton consented to "having the [Final Arbitration] Award confirmed by a court of competent jurisdiction," and agreed "that there are no grounds upon which to vacate the [Final Arbitration] Award."  (*Id.* ¶ 16, Ex. C.)

Accordingly, Petitioner Halliburton Energy Services, Inc. initiated this action seeking confirmation of the Final Arbitration Award by filing its Consent Petition to Confirm Final Arbitration Award and for Entry of Judgment. (*See* Consent Pet.)[1]

## II.   DISCUSSION

"The Federal Arbitration Act ('FAA') provides that a court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed by the FAA." *Cent. Mont. Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 637 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)); *see* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs.*, 552 U.S. at 587. Thus, a federal court's review authority of arbitration awards is "extremely limited." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera Corp.*, 341 F.3d at 994).

Here, the applicable arbitration agreement provides that the FAA applies to all proceedings under the agreement, and specifically includes "actions to . . . confirm . . . awards [or] orders of an arbitrator." (Consent Pet. ¶ 8, Ex. A ¶ 8A.) Stennett consented to the Court's confirmation of the Final Arbitration Award in writing and expressly agreed that no grounds exist to vacate the award. (*Id.* Ex. C.) Further, even had Stennett not agreed to confirmation, the Court's scope of review is "extremely limited," and nothing in the record before the Court indicates a basis for "vacat[ing],

---

[1] Having carefully considered the papers filed in connection with the Petition, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

modif[ying], or correct[ing]" the Final Arbitration Award as prescribed in the FAA. Consequently, the Court "must grant" Halliburton's Consent Petition and confirm the Final Arbitration Award. *See* 9 U.S.C. § 9; *Hall St. Assocs.*, 552 U.S. at 587.

### III. CONCLUSION

As the Court finds no basis to vacate, modify, or correct the Final Arbitration Award, the Court **GRANTS** Petitioner Halliburton's Consent Petition to Confirm Final Arbitration Award and for Entry of Judgment. (ECF No. 1.) Halliburton shall submit a Proposed Judgment no later than fourteen days after the date of this Order.

**IT IS SO ORDERED.**

March 3, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**